**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CRAIG HOSPITAL, a Colorado non-profit corporation, and CNS MEDICAL GROUP, PC, a Colorado Corporation,

    Plaintiffs,

v.

EMPIRE HEALTHCHOICE, INC., a New York corporation, EMPIRE HEALTHCHOICE ASSURANCE, INC., a foreign corporation, and EMBLEMHEALTH, INC., a New York corporation.

    Defendants.

**COMPLAINT AND JURY DEMAND**

The Plaintiffs, Craig Hospital and CNS Medical Group, Inc., by and through their attorneys, Ewing Law PC, and for their Complaint and Jury Demand against the Defendants, Empire Healthchoice, Inc., Empire Health Choice Assurance, Inc. and EmblemHealth, Inc. state as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Craig Hospital is a Colorado non-profit corporation with a principal place of business located at 3425 S. Clarkson Street, Englewood, Colorado 80113.

2. Plaintiff CNS Medical Group, PC is a Colorado corporation with a principal place of business located at 3425 S. Clarkson Street, Englewood, Colorado 80113. CNS Medical Group, PC is the physician group that provides services to Craig Hospital's patients.

3. Defendant Empire Healthchoice, Inc. is a New York corporation. Upon information and belief, its principal place of business is 1 Liberty Plaza, 165 Broadway, New York, NY 10006. According to the New York State Division of Corporations, Empire BlueCross BlueShield's current entity name is Empire Healthchoice, Inc.

4. Defendant Empire Healthchoice, Inc. may be served via service upon the New York Superintendent of Insurance.

5. Defendant Empire Healthchoice Assurance, Inc. is a foreign corporation with a principal place of business located at 1 Liberty Plaza, 165 Broadway, New York, NY 10006. According to [www.antheminc.com](www.antheminc.com), Empire BlueCross BlueShield is the trade name for Empire Healthchoice Assurance, Inc.[1]

6. Defendant Empire Healthchoice Assurance, Inc. may be served via service upon the New York Superintendent of Insurance.

7. Defendant EmblemHealth, Inc. is a New York corporation. Upon information and belief, its principal place of business is located at 55 Water Street, New York, New York 10041.

8. Upon information and belief, EmblemHealth, Inc. may be served via service upon Michael D. Fullwood, Esq., 55 Water Street, New York, New York 10041.

9. Defendants transacted business in Colorado sufficient for the Court to exercise jurisdiction over them pursuant to Colorado's long-arm statute, C.R.S. § 13-1-124(1)(a), by participating in Blue Cross Blue Shield's Blue Card program

---

[1] Plaintiffs will refer to Empire Healthchoice, Inc. and Empire Healthchoice Assurance Inc. collectively as Empire in this complaint.

that allows Empire BlueCross BlueShield members to receive care from providers outside their service area at in-network rates. In addition, Defendants committed a tort in this state making personal jurisdiction appropriate pursuant to C.R.S. § 13-1-124 (1)(b).

10. In this action, Craig Hospital and CNS Medical Group, PC ("CNS") bring claims for breach of contract, violation of CRS § 10-3-1115, negligent misrepresentation and unjust enrichment.

## GENERAL ALLEGATIONS

11. All preceding allegations are incorporated herein by reference.

12. Patient[2] sustained a severe traumatic brain injury secondary to a fall on January 14, 2017.

13. Patient was transferred to Craig Hospital on February 27, 2017.

14. On February 12, 2017, prior to Patient's admission to Craig Hospital, a representative of Plaintiffs contacted EmblemHealth, Inc. to verify Patient's eligibility and benefits.

15. Upon information and belief, EmblemHealth, Inc. served as Empire's actual or apparent agent for verifying eligibility and benefits.

16. Empire, through EmblemHealth, Inc.,[3] told Plaintiffs' representative that there was no day limit on Patient's benefits for inpatient rehabilitation and that his acute inpatient rehabilitation benefits were based upon medical necessity.

---

[2] Plaintiff is not using the Patient's name due to privacy concerns. The Patient's member ID number is 930667126.
[3] The representative at EmblemHealth, Inc. with whom Plaintiffs' representative spoke was named Vince (last name unknown).

3

17. On or about April 19, 2017, Empire advised Patient's clinical case manager at Craig Hospital that Patient's benefits for inpatient rehabilitation were exhausted as of April 12, 2017.

18. Patient's clinical care manager called Empire on or about April 20, 2017 and was told that Patient did not have *any* benefits for inpatient rehabilitation or skilled nursing facility benefits.

19. On or about April 27, 2017, Empire denied Patient's continued care at Craig Hospital based upon the following:

> *The limited benefit available under the member's contract for this service(s) has already been exhausted. Please refer to the exclusion section of your contract or your member benefit materials.*

20. At the time Plaintiffs learned that Patient's benefits for inpatient rehabilitation were exhausted, Patient was too ill to be discharged from Craig Hospital.

21. Had Plaintiffs known that Patient's benefits for inpatient rehabilitation were limited, Plaintiffs would have sought to have the first part of his care at Craig Hospital covered under his benefits for regular hospitalization at the time of his admission because Patient was too medically fragile to fully participate in his program of rehabilitation.

22. After Plaintiffs learned that Patient's benefits for inpatient rehabilitation were exhausted, Plaintiffs asked Empire to re-classify Patient's care as medical from the date of his admission to May 22, 2017.

23. Empire denied Plaintiffs' request to reclassify Patient's care and issued a denial letter dated June 2, 2017. The rationale for Empire's denial was as follows:

> *We cannot approve your request for care in a Long Term Acute Care Hospital (LTACH) Your request tells us you had a stroke. This type of care is only needed for people who have a severe illness with intense needs. Signs that someone is sick include a need for many IV treatments every day or special kidney treatment (dialysis). We do not see that this is the case for you. We also do not see that you are on a breathing machine or that you need extensive wound care. For these reasons we cannot say that the care in an LTACH is medically necessary for you. We based this decision on the MCG guideline, Long-Term Acute Care Hospital (LTACH) Level of Care Guideline (GRG: GRG-050).*

24. Plaintiffs appealed Empire's denials on or about September 1, 2017.

25. Empire, through its agent, denied Plaintiffs' appeal on or about November 3, 2017 based upon the following rationale:

> *Following an appeal review, we cannot approve your request for care in a Long Term Acute Care Hospital (LTACH). Your request tells us you had a stroke. LTACH care is only needed for people who have severe illness with certain types of intense needs. We do not see that this was the case for you. The information we received shows that the care could be provided outside of an LTACH. We understand that you are weak in many ways. This makes it hard for you to do the usual things (the records indicated you needed maximal assistance). Additionally, the information we received shows that you were not making significant progress with your therapies (no significant functional gains). Other care that you were getting can be done by people who do not have medical training. This care is custodial. For this reason, we cannot say that care in the LTACH was medically necessary for you. We based this decision on the MCG guideline, Long-Term Acute Care Hospital (LTACH) Level of Care Guideline (GRG-050) and the health plan clinical guideline called Acute Inpatient Rehabilitation (CG-REHAB-09H).*

26. The billed charges for the non-covered days at Craig Hospital total $442,901.20. Plaintiff CNS Medical Group, PC is owed $32,120.00.

5

27. Patient's coverage with Empire is through Patient's spouse's employment with the City of New York.

28. The City of New York is a political subdivision of the State of New York.

29. The health plan at issue meets the definition of a governmental plan pursuant to 29 USC § 1002(32).

30. 29 USC §1003(b)(1) expressly excludes governmental plans from the provisions of the Employee Retirement Income Retirement Act of 1974 ("ERISA").

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
*Against all Defendants*

31. All preceding allegations are fully incorporated herein by reference.

32. The entirety of Patient's care at Craig Hospital and physician services provided by CNS Medical Group, PC were medically necessary.

33. Patient assigned Patient's benefits under the health plan at issue to Craig Hospital and CNS Medical Group, PC.

34. Under the terms of the Empire Hospital Only PPO Plan for the City of New York, Defendants had a contractual obligation to pay for medically necessary care provided to the Patient.

35. Under the terms of the Empire Hospital Only PPO Plan for the City of New York, Defendants had a contractual obligation to ensure that the care that they authorized was appropriate and from the correct category of benefits.

36. Defendants breached the Empire Hospital Only PPO Plan for the City of New York ("Contract") by failing to pay for Patient's medically necessary care at Craig Hospital and for the physician services provided by CNS Medical Group, PC.

37. Defendants breached the terms of the Contract by failing to properly authorize and classify Patient's care from the correct category of benefits.

38. As a result of Defendants' breach of the Contract, Plaintiffs suffered monetary damages.

### SECOND CLAIM FOR RELIEF – VIOLATION OF C.R.S. § 10-3-1115
*Against all Defendants.*

39. All preceding allegations are fully incorporated herein by reference.

40. Defendants are in the business of insurance.

41. C.R.S. § 10-3-1115 prohibits a person engaged in the business of insurance from unreasonably delaying or denying payment of a claim.

42. Plaintiffs are "first party claimants" because they are participating providers with Blue Cross Blue Shield plans.

43. Plaintiffs have not been paid for the entirety of Patient's care at Craig Hospital or the physician services provided by CNS.

44. Defendants' denial and delay of payment is unreasonable.

45. Plaintiffs are entitled to two times the covered benefit, reasonable attorney's fees and court costs against the Defendants pursuant to C.R.S. § 10-3-1116 for unreasonably delaying or denying payment on Craig Hospital's and CNS' claims.

### THIRD CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION
*Against All Defendants*

46. All preceding allegations are fully incorporated herein by reference.

47. As the provider of benefits for the Empire Health Only PPO Plan for the City of New York, Defendants knew or should have known at the time Plaintiffs' representative called to verify Patient's eligibility for benefits that Patient's benefits for acute inpatient rehabilitation were limited.

48. Defendants provided false information to Plaintiffs by telling their representative that there was no day limitation on Patient's benefits for inpatient rehabilitation.

49. Defendants gave such information to Plaintiffs in the course of Defendants' business regarding transactions in which they had a financial interest.

50. Defendants gave the false information to Plaintiffs for their use in a business transaction.

51. Defendants were negligent in obtaining and/or communicating the false information regarding Patient's benefits to Plaintiffs.

52. Defendants provided the false information regarding Patient's benefits knowing that Plaintiffs would rely on the false benefit information.

53. Plaintiffs reasonably relied on the benefit information supplied by Defendants.

54. Plaintiffs reliance upon the benefit information supplied by Defendants caused Plaintiffs to incur monetary damages.

### FOURTH CLAIM FOR RELIEF – UNJUST ENRICHMENT
*Against all Defendants*

55. All preceding allegations are fully incorporated herein by reference.

56. As noted above, Patient was enrolled in the Empire Hospital Only PPO Plan for the City of New York on the date Patient sustained a severe traumatic brain injury.

57. Defendants benefitted from Plaintiffs' provision of medical and rehabilitation services to Patient. The provision of medical and rehabilitation services to Patient by Plaintiffs allowed Defendants to satisfy their obligations to Patient under the terms of the health benefit plan at issue.

58. Defendants benefited by the fact that Plaintiffs provided services at a discounted rate.

59. This benefit was provided at Plaintiffs' expense.

60. It is unjust for Defendants to have received that benefit without issuing payment to Plaintiffs.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable by a jury.

WHEREFORE Plaintiffs Craig Hospital and CNS respectfully pray for entry of judgment in their favor and against Defendants Empire Heathchoice, Inc., Empire Healthchoice Assurance, Inc., and EmblemHealth, Inc. on all matters asserted in this Complaint; compensatory damages as permitted by law; attorney's fees; interest as permitted by law; expert witness fees; costs; two times the covered benefit pursuant to C.R.S. § 10-3-1116 and such other and further relief as the Court deems just and proper.

Dated this 5th day of April 2018.

EWING LAW, PC

s/R. Craig Ewing

_____
R. Craig Ewing, #10189
Ewing Law, PC
7175 W. Jefferson Avenue
Suite 1200
Lakewood, CO  80235
T:  303-566-9968
F:  720-302-0300
rcraigewing@gmail.com

Address of Plaintiffs:

3425 S. Clarkson Street
Englewood, Colorado 80113